**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

CIVIL ACTION NO. 2:14-cv-64(WOB-CJS)

JOHN P. ROTH, JR.                                   **PLAINTIFF**

VS.                    <u>**MEMORANDUM OPINION AND ORDER**</u>

FORD MOTOR COMPANY                                  **DEFENDANT**


       This matter is before the Court on defendant's motion for
summary judgment (Doc. 36).  As will be discussed below, plaintiff
has not filed a response to this motion.

                    *Factual and Procedural Background*

       A detailed recitation of the procedural history of this case
is necessary to understand its current posture.

       Plaintiff, represented by counsel, filed this case on April
8, 2014, alleging products liability claims arising out of an
accident that occurred while he was driving a 2004 Ford Explorer.
(Doc. 1).  Specifically, plaintiff alleges defects in the seat
belt and air bag systems.

       The case came before the Court on its routine docket call on
September 10, 2014, after which the parties filed an Agreed
Litigation and Discovery Schedule.  (Doc. 15).  This plan set a
deadline of April 1, 2015, for plaintiff to disclose his expert
witnesses and provide their reports.

On May 1, 2015, plaintiff moved for an extension of time to produce his expert witness reports. (Doc. 18). The assigned United States Magistrate Judge granted plaintiff's motion and extended the expert witness report deadline to September 1, 2015. (Doc. 21).

On October 30, 2015, plaintiff's counsel filed a motion to withdraw based upon irreconcilable differences with plaintiff. (Doc. 23). The Magistrate Judge held a hearing on the motion on November 17, 2015, which was attended by counsel as well as plaintiff. (Doc. 25). The Magistrate Judge granted counsel's motion to withdraw, granted an extension of the deadlines to give plaintiff a reasonable time to find new counsel, and cautioned "Plaintiff that the case will move forward upon the earlier of new counsel entering an appearance or the expiration of the 60-day period for Plaintiff to obtain new counsel." (*Id.* at 2).

On January 19, 2016, plaintiff filed a notice that he had been unable to obtain new counsel. (Doc. 26). The Magistrate Judge set a telephonic conference for February 11, 2016, and ordered that plaintiff participate. (Doc. 27). However, plaintiff failed to participate in the call, so the Magistrate Judge issued a show cause order setting a hearing for February 25, 2016. (Doc. 28). Plaintiff attended the show cause hearing and stated that he had not received the Court's order setting the prior conference. (Doc. 29). The Magistrate Judge found that plaintiff had shown

cause, and she gave him yet another thirty days to find new counsel.

On March 30, 2016, the Magistrate Judge held another telephone conference, at which time plaintiff informed the Court that he believed he had retained attorney Marcus Carey to represent him. (Doc. 30).

On April 6, 2016, the Magistrate Judge held another telephone conference. (Doc. 31). Attorney Carey entered his appearance and indicated that, after reviewing the file, he believed that he needed a further extension to find an additional expert witness. Defense counsel stated their objection to any such extension, and the Court directed the parties to brief the issue.

Thereafter, plaintiff moved to permit the late disclosure of expert witnesses, noting that his representation of plaintiff was contingent on that motion being granted, and that the two expert witnesses previously identified by plaintiff were not properly vetted or instructed. (Doc. 32). Defendant filed a memorandum in opposition to the motion (Doc. 33), and plaintiff did not file a reply.

On March 31, 2017, the Magistrate Judge denied plaintiff's motion to permit late disclosure of witnesses, noting that plaintiff had been given numerous extensions and that he had not been reasonably diligent in prosecuting his case. (Doc. 34).

On May 17, 2017, the Court ordered that summary judgment motions be filed by June 16, 2017, with responses and replies to be filed according to the Joint Local Rules. (Doc. 35).

Defendant filed its motion for summary judgment on June 16, 2017. (Doc. 36). When plaintiff did not timely file a response, the Court issued a show cause order as to why the motion should not be granted. (Doc. 37).

On Jul 13, 2017, attorney Carey filed a motion for extension of time for plaintiff to respond to the motion for summary judgment and for him to file a motion to withdraw as counsel. (Doc. 38). Carey noted that plaintiff had not responded to requests that he communicate with Carey, and that plaintiff was now incarcerated, serving a ten-year sentence following a felony conviction. (*Id.*).

The Court granted the motion for an extension and subsequently granted Carey's motion to withdraw. (Doc. 41). Finally, the Court gave plaintiff until August 15, 2017, to respond to defendant's motion for summary judgment, noting that if he failed to do so, "the presiding District Judge will proceed to adjudicate Defendant's Motion for Summary Judgment without hearing from Plaintiff." (*Id.*).

Plaintiff filed no response by the date given, and the undersigned began consideration of defendant's motion for summary judgment. Then, on September 18, 2017, the Court received a letter

from plaintiff asking for assistance in locating an attorney to represent him.

Having recounted this history, the Court now issues the following Memorandum Opinion and Order.

### *Analysis*

The Court first addresses plaintiff's letter requesting "time and assistance in locating an attorney" to represent him.  (Doc. 44).

Plaintiff filed this case more than three years ago, he has had two different sets of attorneys represent him and withdraw, and over the course of the last three years he has been granted multiple extensions of time not only to comply with pretrial deadlines but also to locate new counsel.  After his first counsel withdrew, it took plaintiff five months to find new counsel, who appeared only contingent on being granted leave to find a new expert witness.  When that motion was denied, counsel withdrew.

Plaintiff's new request comes a month after his response to the motion for summary judgment was due. Given the age of this case, plaintiff's failure to proceed with reasonable diligence despite multiple extensions, and the merits, as discussed below, plaintiff's request for additional time to find counsel will be denied.[1]

---

[1] In addition, while 28 U.S.C. § 1915(e)(1) authorizes a federal court to appoint counsel to represent a *pro se* party in civil

Despite the various extensions and warnings by the Court about his failure to respond to defendant's motion for summary judgment, plaintiff has still failed to file such a response. This alone is cause for the Court to grant the motion. *See* Joint Local Rule 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."). The fact that plaintiff does not have counsel does not excuse this failure. *See Fleet Engineers, Inc. v. Mudguard Tech.*, LLC, No. 1:12-cv-1143, 2014 WL 12465464, at *1 (W.D. Mich. July 11, 2014) (entering default against defendant who had been granted several extensions to find new counsel); *Ward v. Wal-Mart Stores, Inc.*, Civil No. 3:05-0777, 2006 WL 3098800, at *2 (M.D. Tenn. Oct. 30, 2006) (granting motion to dismiss case where plaintiff was unrepresented; plaintiff had been given extension of time to find a new attorney and warned that he must file a response to the motion to dismiss).

Moreover, defendant's motion to dismiss should be granted on the merits. The Court need not expend judicial resources reviewing these issues at length, as defendant's motion thoroughly sets forth the law and the record evidence that warrants dismissal.

---

litigation, the "appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citation omitted). The Court does not find any exceptional circumstances present here.

In summary, the testimony from plaintiff's own expert witnesses — who, as the Magistrate Judge previously pointed out, were retained when plaintiff had counsel — demonstrates that there is no triable issue as to whether the seatbelt system in the 2004 Ford Explorer in question was defective in design. (Leiss Depo. 39, 45, 50-52, 76) (Doc. 36-5). Further, neither of plaintiff's expert obtained data from the vehicle's airbag system or examined the system so as to provide a basis for their assertion that the airbag should have deployed. (Leiss Depo. 40-42; Proleika Depo. 37, 45, Doc. 36-6).

As detailed in defendant's motion, plaintiff has failed to create any triable issue on his other theories. And, once again, the testimony of his experts supports dismissal of his claims. For example, they offer no testimony whatsoever to show that some alternate design would have cured any alleged defect, a necessary element of plaintiff's "crashworthiness" claim. *See Estate of Bigham v. DaimlerChrysler Corp.*, 462 F. Supp.2d 766, 773-76 (E.D. Ky. 2006). Further, plaintiff's experts specifically disavow any opinion regarding causation.

As for the manufacturing defect claim, plaintiff's expert Peter Leiss testified that he has no opinion that there was any manufacturing defect with respect to the vehicle in question. (Leiss Depo. 112).

In sum, plaintiff has failed to oppose defendant's motion for summary judgment, and the Court's own independent review of the record yields the conclusion that plaintiff's claims fail as a matter of law.

Therefore, having reviewed this matter, and the Court being sufficiently advised,

**IT IS ORDERED** that defendant's motion for summary judgment (Doc. 36) be, and is hereby, **GRANTED**. A separate judgment shall enter concurrently herewith.

This 25th day of September, 2017.

Signed By:

_William O. Bertelsman_  WOB

**United States District Judge**